## A08A1698. ANDERS v. STATE FARM FIRE AND CASUALTY COMPANY.
### (675 SE2d 490)

ANDREWS, Presiding Judge.

Sir Todd Anders appeals from the trial court's grant of partial summary judgment to State Farm Fire and Casualty Company on its declaratory judgment action. After reviewing the record, we conclude there was no error and affirm.

This case arose when Anders returned to his home after an extended absence and discovered that trees had fallen on his house. Anders called State Farm, his insurer, to report the damage. State Farm, after inspecting the house, initially denied the claim, stating that the damage was the result of "rot, mold, neglect, maintenance issues, and repeated seepage and leakage." State Farm also pointed out that Anders failed to comply with the terms of his policy when he failed to notify State Farm in a timely manner and failed to maintain and protect the property.[1]

State Farm later agreed, however, to pay damages in the amount of $15,704.33 actual cash value with a replacement cost benefit of $10,899.93. Almost eight months after receiving this offer, Anders's counsel sent State Farm a letter in which he stated that Anders had retained a construction firm and the total estimate to repair the

---

[1] The policy excludes damages for losses occurring due to the neglect of the insured and states that the insured must "use all reasonable means to save and preserve property at and after the time of a loss, or when the property is endangered." Also, under "Conditions" in the policy, the policy states that "[a]fter a loss to which this insurance may apply," the insured must "protect the property from further damage or loss [and] make reasonable and necessary temporary repairs required to protect the property."

damage to the house was $968,360.14. The firm's estimate for repair of tree-related damage was $393,036.62 and this was the amount Anders claimed State Farm owed him.

When State Farm did not respond to this demand, Anders sent a letter invoking the appraisal clause in the policy. State Farm responded by naming its own appraiser but stated in the letter that it would not be responsible for any damages not covered under the policy.

The trial court granted State Farm's motion to stay the appraisal process until the issue of what damage was covered by the policy was decided. The trial court ultimately held that the appraisers should determine the damages that may have occurred in the first ten days after the date of loss. The court ordered that the actual cash value of the damages would be what was agreed on by the appraisers and if the appraisers did not agree, the issue of actual cash value of the cost to repair or replace would be submitted to the umpire. The agreement signed by any two would set the amount of loss.

The appraisers and the umpire all agreed that the amount of loss totaled $158,000. State Farm filed a motion to confirm the award. Although Anders cashed the check for $158,000, he refused to sign the release because he contended that the appraisal did not settle the entire insurance claim or the issues raised in his counterclaim.

On March 19, 2007, Anders's attorney filed a motion for reconsideration of the court's order setting the parameters for the appraisal and submitted his own proposed order. That order also stated that the appraisers were to determine the damage that occurred "on the date of loss and 10 days thereafter." Then on May 24, 2007, Anders's attorney sent the trial court another letter asking it to reconsider the order and this time asking for reconsideration of the ten-day scope of coverage. The letter states that there was a mistake or misunderstanding in the original order in that the appraisers and umpire never agreed to the ten-day scope of coverage and requested that the court "allow the Appraisers and the Umpire to use whatever scope that they feel is appropriate."

The trial court's order on this motion for reconsideration states:

> In reviewing the motion, this Court notes that, prior to the issuance of the March 29, 2007 Order, counsel hotly disputed the wording of the Order, including the scope of the damages, inspection and evaluation to be performed by the appraiser and umpires. This Court entered the March Order after considering all of the previously raised objections. Since this current objection was previously raised and rejected by this Court, this Court does not find any grounds for reconsideration of its prior Order.

State Farm moved for summary judgment. Anders opposed the motion, arguing breach of contract and bad faith among others. Specifically, Anders claimed that State Farm misrepresented to the court that the appraisers had reached an agreement as to the scope of damages. After a hearing,[2] the trial court granted summary judgment to State Farm except for Anders's counterclaim of wrongful cancellation, and his demand for payment of additional living expenses and personal property damage.

On appeal, Anders argues that summary judgment should not have been granted because the purported agreement between counsel as to the scope of damages under the policy is controverted and therefore the agreement must be in writing to be enforceable. Anders claims that the trial court's order on the scope of coverage was based on a misrepresentation by State Farm that the appraisers and counsel had agreed that the scope of coverage was any damage occurring within ten days from the date of the loss. But, as discussed above, the trial court itself rejected this argument in its ruling on Anders's motion for reconsideration. Because Anders does not argue that the trial court was without authority to issue the order and because his contention that the trial court was misled by representations of State Farm's counsel was rejected by the trial court itself, we conclude that Anders's continued argument on this issue on appeal is without merit.

*Judgment affirmed. Bernes and Doyle, JJ., concur.*

DECIDED FEBRUARY 25, 2009 —
RECONSIDERATION DENIED MARCH 17, 2009 —

*Fellows & LaBriola, Henry M. Quillian III, Christopher J. McFadden*, for appellant.

*Goodman, McGuffey, Lindsey & Johnson, Adam C. Joffe, Robert M. Darroch*, for appellee.

---

[2] The hearing was before a different judge than the one who entered the order on the scope of coverage. Also, Anders's counsel was not the same attorney who originally represented him during the above proceedings, that attorney having filed a motion to withdraw.